UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23288-Civ-COOKE

FREDERICK BANKS,

    Plaintiff,

vs.

DISNEY, *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES and DISMISSING COMPLAINT

THIS MATTER is before me on Plaintiff's Application to Proceed Without Prepayment ("Motion") (ECF No. 3). I have reviewed Plaintiff's Application, the Complaint (ECF No. 1), and the relevant legal authority. For the reasons provided herein, Plaintiff's Motion is denied and Plaintiff's Complaint is dismissed.

### I. BACKGROUND

Plaintiff alleges various government agencies surveil individuals and animals, using "synthetic telepathy" on them. He contends this kind of surveillance, and its use of wireless signals, played a role in the killing of a former contestant on "The Voice," the Pulse nightclub shooting, and the alligator killing of a toddler at the Walt Disney Resort. Plaintiff claims financial injury due the decline in his Walt Disney Company stock, and believes the Central Intelligence Agency surveilled him for five years.

### II. LEGAL STANDARD

A court shall dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under this standard as well, dismissal is clearly warranted.

### III. DISCUSSION

Plaintiff's Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) – (2). Although the Complaint sets forth several statements, they do not collectively establish, or put the Defendants on notice, of any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). In fact, only a handful of the named Defendants are listed in the Complaint itself. Plaintiff's Complaint is full of incoherent ramblings that fail to plead a discernable cause of action. Accordingly, I find that Plaintiff's Complaint is frivolous and does not contain "an arguable basis in law or in fact." *See Neitzke*, 490 U.S. at 325.

## IV. CONCLUSION

Therefore, Plaintiff's Application to Proceed Without Prepayment (ECF No. 3) is **DENIED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. The Clerk of Court shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30TH day of November 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Frederick Banks, *pro se*
05711-068
Butner Medium I
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Butner, NC 27509